IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLIFTON DENEAN DORA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-261-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Clifton Denean Dora, TDCJ-ID #1336882, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2005, Dora was charged by indictment with burglary of a habitation in cause no. CR05-

0014-01 in the 415th Judicial District Court of Parker County, Texas. (State Habeas R. at 38)[1] The indictment also included sentence enhancements alleging numerous felony convictions for burglary of a habitation, theft, and burglary of a building. (Id.) On November 28, 2005, pursuant to a negotiated plea bargain agreement, Dora pled guilty to the charged offense and true to the enhancement allegations, and the trial court assessed his punishment at fifty years' confinement. (Id. at 38) Dora did not appeal the conviction or sentence. (Petition at 3) On February 8, 2007, Dora filed a state application for writ of habeas corpus, raising one or more of the issues presented herein, which the Texas Court of Criminal Appeals denied without written order on March 14, 2007. *Ex parte Dora*, Application No. WR-33,552-03, at cover. He filed this petition on April 11, 2007. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

D. ISSUES

Dora raises four claims alleging that his 2005 conviction, sentence, and continued incarceration are unlawful and that revocation of his mandatory supervision in an unrelated case as a result of the conviction was unlawful because the underlying criminal case was dismissed. (Petition at 7-8)

E. RULE 5 STATEMENT

Quarterman believes that Dora has sufficiently exhausted his state remedies on the issues presented as required by 28 U.S.C. § 2254(b)(1)(a). (Resp't Answer at 3)

---

[1] "State Habeas R." refers to the state court records in Dora's state habeas application no. WR-33,552-03.

## F. DISCUSSION

### 1. Legal Standard for Granting Habeas Corpus Relief

A writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts are required to give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in

the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Dismissal of the Underlying State Criminal Case

Dora's claims are predicated on his factual assertion that the underlying state criminal case has been dismissed. In support, he presented an affidavit in state court, as he does now, executed on August 21, 2006, by Rudy Pierce, a Program Specialist I of the Warrants Section of the Texas Department of Criminal Justice, wherein Pierce avers, in relevant part, that "Burg Habit (DISMISSED)" and "Burg Habit WIC Theft (DISMISSED)." (State Habeas R. at 13-15) Dora interprets one of these dismissals to apply to the underlying 2005 burglary conviction in cause no. CR05-0014-01.

In response to Dora's state habeas application, the state argued that Dora's assertion was factually incorrect. (Id. at 33-34) The state noted that, as reflected by the contents of the trial court's file in the underlying cause, the 2005 judgment and sentence has not been dismissed by order of the trial court, or any other court, which would negate or cause the underlying judgment and sentence to cease to operate. (Id. at 33) Further, Dora has numerous state convictions for burglary of a habitation out of Anderson, Henderson, Navarro and Van Zandt Counties occurring from 1981 through 1994. (Id. at 40-43) The state noted that the averments, made under the heading of "Prior

Adult Criminal History," merely indicate that two of Dora's prior burglaries were dismissed. (Id. at 33) Based on the state's arguments and available state court records, the state habeas court denied habeas relief. (Id. at 37) In turn, the Texas Court of Criminal Appeals denied relief.

Dora presents no compelling argument or evidence to rebut the state courts' adjudication of his claims. Thus, assuming the state courts determined the averments in Pierce's affidavit, in fact, applied to two of Dora's prior burglary convictions, and not to his 2005 burglary conviction, there exists no factual basis for Dora's claims.

## II. RECOMMENDATION

Dora's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 20, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 20, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 29, 2008.

     /s/  Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE